**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                No. 92-6334

MICHAEL DENNIS TALBOTT,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, District Judge.
(CR-88-17-5, CA-91-97-CIV-5)

Submitted: August 15, 1995

Decided: August 13, 1996

Before WIDENER, HALL, and ERVIN, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Michael Dennis Talbott, Appellant Pro Se. Linda Kaye Teal, OFFICE
OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael Talbott appeals the denial of his 28 U.S.C.§ 2255 (1988) motion in which he raised over 100 claims. Our review of the record reveals that the district court did not advise Talbott, at resentencing on October 19, 1990, of his right to appeal. Our review further discloses that Talbott was subject to a guideline**1** sentence of fifteen years for his convictions on six counts of the indictment. At resentencing, Talbott received an aggregate sentence of nineteen years and three months for those convictions. We vacate Talbott's sentence and remand for resentencing and reinstatement of his appellate rights.

I

In an earlier opinion, we discussed the various firearms offenses of which Talbott stands convicted. United States v. Talbott, 902 F.2d 1129 (4th Cir. 1990). While we affirmed his convictions, we determined that the district court improperly sentenced him to consecutive sentences for possession and non-registration of each of two pipe-bombs. Further, we held that the district court erred when it found that Talbott qualified as a career criminal under the sentencing guidelines. We vacated his sentence of forty-five years and remanded for resentencing. Id. at 1132-33.

At resentencing, the district court grouped Counts 4, 5, 7, and 8 (charging possession and non-registration of two pipebombs) and sentenced Talbott to fifty-one months on those counts. The district court erroneously identified Counts 12 and 14 (charging possession by a felon of the same pipebombs) as non-guideline counts because the applicable statute, 18 U.S.C.A. § 924(e)(1) (West Supp. 1996), man-

_____

**1** United States Sentencing Commission, Guidelines Manual (Nov. 1988). Talbott originally was sentenced on January 12, 1989. He was resentenced on October 17, 1990. The base offense level applicable to Talbott increased with the version of the guidelines in effect at resentencing. To avoid an ex post facto problem, the 1988 version of the guidelines continued to apply. United States v. Fagan, 996 F.2d 1009, 1018 (9th Cir. 1993).

2

dated a fifteen-year sentence. The court sentenced Talbott to fifteen years on each of those counts, to run concurrently with each other but consecutively to the guideline sentence imposed on Counts 4, 5, 7, and 8. Finally, the district court sentenced Talbott to five years on each of two pre-guideline counts, to run concurrently with the other sentences.

The district court did not advise Talbott of his appeal rights at resentencing, and Talbott did not appeal his new sentence. Instead, he filed the subject § 2255 motion. The district court declined to consider those claims that were identical to those rejected by this court on direct appeal. The district court found that most of Talbott's claims did not raise constitutional issues and so were not cognizable in a § 2255 motion. The district court rejected on the merits Talbott's assertions that his attorney was ineffective and that his sentence on Counts 12 and 14 violated double jeopardy principles. Talbott timely appealed.

II

The guidelines in this case were improperly applied. The error stemmed from a misunderstanding of the guidelines' interplay with § 924(e)(1) and the incorrect assumption that Counts 12 and 14 were non-guideline counts.

The district court should have grouped Counts 12 and 14 with Counts 4, 5, 7, and 8 because the six counts involved "substantially the same harm." USSG § 3D1.2(a), (b). The base offense level for the most serious of these grouped offenses, USSG § 3D1.3(a) (Counts 4, 5, 7, and 8), was 12. USSG § 2K2.2. Added to this were two points for Talbott's major role in the offense, USSG § 3B1.1(c), and two points for obstruction of justice, USSG § 3C1.1. Talbott's total offense level therefore was 16; factoring in his criminal history category of V resulted in a guideline range of 41-51 months.

"If application of the guidelines results in a sentence below the minimum sentence required by statute, the statutory minimum shall be the guideline sentence." USSG § 5G1.1(b). Under § 924(e)(1), Talbott was statutorily subject to a fifteen-year mandatory minimum sen-

3

tence on Counts 12 and 14.**2** His guideline range was less than the statutory minimum, and he thus was subject to a fifteen-year sentence on the six guideline counts.

III

The rule in this circuit is clear: failure to advise a defendant of his right to appeal requires remand. Paige v. United States, 443 F.2d 781, 782 (4th Cir. 1971). This rule applies with equal force to resentencings. See Fed. R. Crim. P. 32(c)(5) ("After imposing sentence in any case, the court must advise the defendant of any right to appeal the sentence") (emphasis added). Talbott was not advised of his right to appeal his resentencing. Remand for resentencing therefore is required. The guidelines require a sentence of fifteen years on Counts 4, 5, 7, 8, 12, and 14. We express no opinion as to whether the district court should depart from this fifteen-year sentence.

IV

We therefore vacate Talbott's sentence and remand for resentencing and reinstatement of his right to appeal his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process. The motions for bail, to appoint counsel, seeking formal briefing schedule, and to file formal briefs are denied. In light of our decision, the motion for a ruling in this case is denied.

VACATED AND REMANDED

_____

**2** Under § 924(e)(1), a person convicted of being a felon in possession of a firearm, in violation of 18 U.S.C.A. § 922(g)(1), and who has three previous convictions for violent felonies or drug offenses, or both, is subject to a mandatory minimum sentence of fifteen years. Talbott's convictions on Counts 12 and 14 were for § 922(g)(1) offenses.

4