UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                        No. 97-4273

MICHAEL DENNIS TALBOTT,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-88-17-BO)

Submitted: June 23, 1998

Decided: August 13, 1998

Before WIDENER and ERVIN, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Marcia G. Shein, LAW OFFICE OF MARCIA G. SHEIN, P.C.,
Atlanta, Georgia, for Appellant. Janice McKenzie Cole, United States
Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael Dennis Talbott appeals the district court's order resentencing him on six counts of an indictment to fifteen years in prison. Talbott's core claim on appeal is that he did not have three prior convictions for violent felonies and therefore was not subject to the mandatory fifteen-year minimum sentence set forth at 18 U.S.C.A. § 924(e) (West Supp. 1998), USSG § 4B1.4.[1] He also contends that his attorney was ineffective for stipulating at his first resentencing that he was an armed career criminal. For the reasons that follow, we affirm.

I

Talbott was convicted of numerous firearms offenses, including two counts of possession of unlawfully made destructive devices (pipebombs), possession of unregistered firearms (pipebombs), and possession of a firearm by a convicted felon. He was originally sentenced to forty-five years imprisonment. See United States v. Talbott, 902 F.2d 1129, 1130 (4th Cir. 1990).

On appeal, we affirmed his convictions but vacated his sentence and remanded for resentencing. We found first that Talbott was not a career offender, see USSG § 4B1.1. His prior convictions for burglary and breaking and entering were not "crimes of violence" under USSG § 4B1.2 because they involved commercial structures. We also held that the district court improperly imposed sentences in excess of ten years for Talbott's convictions under 26 U.S.C.§ 5861(c), (d) (1994) to the extent that those convictions related to the same firearm. See Talbott, 902 F.2d at 1133.

_____

**1** U.S. Sentencing Guidelines Manual (1988).

2

At resentencing, Talbott stipulated that he was an armed career criminal. See 18 U.S.C.A. § 924(e). He received a sentence of fifty-one months on Counts 4, 5, 7, and 8. The district court sentenced him under § 924(e) to the statutory minimum of fifteen years for his convictions on Counts 12 and 14. That sentence ran consecutive to the sentence on Counts 4, 5, 7, and 8. Finally, Talbott received a five-year concurrent sentence on Counts 1 and 10.

Talbott did not appeal his sentence. Instead, he filed a 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998) motion raising over 100 claims. The district court denied the motion. On appeal, we vacated and remanded for a second resentencing. We observed that the district court should have grouped Counts 4, 5, 7, 8, 12, and 14 and that Talbott was statutorily subject under § 924(e)(1) to a fifteen-year mandatory minimum sentence on those counts. See United States v. Talbott, No. 92-6334, 1996 WL 453469 at **1-2 (4th Cir. Aug. 13, 1996) (unpublished).

At his second resentencing, Talbott, who was represented by new counsel, argued that he did not have the requisite number of prior convictions for violent felonies to qualify as an armed career criminal. He also suggested that his previous attorney was ineffective for stipulating at his first resentencing that he was subject to the enhancement of § 924(e). The district court declined to address the matter, finding that it was bound by this court's ruling in No. 96-6334. In accordance with our mandate, the district court resentenced Talbott to fifteen years on Counts 4, 5, 7, 8, 12, and 14. Talbott timely appeals.

II

One of Talbott's convictions was for possession of a firearm by a convicted felon, 18 U.S.C.A. § 922(g)(1) (West Supp. 1998). Persons convicted of that crime who have three previous convictions for violent felonies or drug offenses, or both, are subject to a mandatory minimum sentence of fifteen years. See 18 U.S.C.A. § 924(e)(1). The record reveals that Talbott was convicted in 1975 on two counts of breaking and entering and two presumably related counts of larceny and in 1976 on two counts of burglary. These offenses were used in determining his armed career criminal status. Talbott concedes that his two burglary convictions qualify as two of the required three felo-

nies. However, he argues that neither of his two 1975 convictions for breaking and entering qualifies.

The presentence report states that details of the 1975 offenses, which were disposed of together, were unavailable. Talbott received a three-year sentence for the four offenses; eighteen months of the sentence was suspended.

Talbott contends that his breaking and entering convictions were not violent felonies under § 924(e) because they did not involve residences.[2] We have held that breaking and entering a dwelling house in violation of Md. Ann. Code art. 27 § 31A (1976) is a violent felony under § 924(e). See United States v. Curtis, 988 F.2d 1355, 1363 (4th Cir. 1993). Talbott asserts that he was convicted of misdemeanor breaking and entering of a storehouse, an offense with a six-month maximum sentence.[3] As proof of these claims, Talbott's attorney states in her brief that Talbott informed her that the 1975 convictions did not involve residences. Counsel also says that she independently investigated the matter. An employee of the court in Maryland where Talbott was convicted informed counsel that the information available did not conclusively establish whether Talbott was convicted under § 31A. However, what unidentified information there was suggested that Talbott was convicted of the misdemeanor rather than the felony.

We previously found that Talbott, who stipulated at his second resentencing that he was an armed career criminal, was subject under § 924(e) to the mandatory minimum sentence of fifteen years. See United States v. Talbott, 1996 WL 453469 at **2. Our mandate directed the district court to sentence him to fifteen years on Counts 4, 5, 7, 8, 12, and 14. The district court was obligated to follow this mandate. The mandate rule, which "forecloses relitigation of issues

_____

[2] Burglary of a commercial structure may qualify as a violent felony. See Taylor v. United States, 495 U.S. 575, 598-602 (1990).

[3] It appears that the misdemeanor statute under which counsel believes Talbott to have been convicted had not been enacted in 1975, when Talbott was convicted. See Md. Ann. Code art. 27 § 31B (1987) (breaking and entering a storehouse, garage, trailer, etc. is a misdemeanor; § 31B enacted in 1979).

4

expressly or impliedly decided by the appellate court," United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993), precluded Talbott from raising the propriety of the enhancement at resentencing absent exceptional circumstances. See id. at 66-67.

Talbott fails to offer concrete proof that he was not sentenced under § 31A. We decline to relax the mandate rule on the basis of speculation. The district court properly determined that it was bound by our previous decision to sentence Talbott under§ 924(e) to fifteen years in prison.

III

Talbott contends that his prior attorney was ineffective for stipulating that he was subject to the enhancement. A claim of ineffective assistance of counsel ordinarily may not be raised on direct appeal unless ineffectiveness conclusively appears on the face of the record. Rather, such a claim is more appropriately brought in a 28 U.S.C.A. § 2255 motion. See United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991). Here, Talbott has not conclusively demonstrated that his prior counsel was ineffective for entering into the stipulation. In this regard, we note that Talbott presents no decisive evidence that he was sentenced for a misdemeanor, rather than a violent felony, in 1975. We therefore decline to address his claim.

IV

We accordingly affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process. The motion to file a supplemental formal brief is granted.

AFFIRMED

5