UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                No. 01-6407

MICHAEL DENNIS TALBOTT,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-88-17, CA-99-472-5-BO)

Submitted: July 20, 2001

Decided: December 19, 2001

Before WIDENER, NIEMEYER, and KING, Circuit Judges.

Dismissed by unpublished per curiam opinion.

### COUNSEL

Michael Dennis Talbott, Appellant Pro Se. Solomon Louis Wisenberg, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Michael D. Talbott appeals the district court's order denying his 28 U.S.C.A. § 2255 (West Supp. 2000) motion. Of the twenty-seven claims Talbott sought to present before the district court, all but three were properly subject to dismissal on procedural default grounds, as Talbott either failed to raise them in his original direct appeal and show cause excusing that failure, *see United States v. Frady*, 456 U.S. 152, 165 (1982), presented non-constitutional claims which he failed to raise on direct appeal, foreclosing them from consideration on collateral review altogether, *see Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976), or duplicated claims raised in his direct appeal, which may not be renewed as a basis for collateral relief. *See Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Accordingly, the district court's dismissal of the majority of Talbott's claims was not erroneous.

With respect to Talbott's three remaining claims, we find none affords a basis for relief. The first of those claims, in which Talbott alleges the Bureau of Prisons is denying him non-legal materials necessary to demonstrate that he did not violate federal law, fails to address the validity of his conviction or sentence. Accordingly, it is not an appropriate grounds for relief in a § 2255 action.

In the second claim that was not procedurally defaulted, Talbott contends the district court's imposition of a three-year term of supervised release represents an inappropriate upward departure. Specifically, Talbott argues that because the applicable Sentencing Guideline provided for a sentence below the statutory mandatory minimum of fifteen years, *see* 18 U.S.C.A. § 924(e), and in such circumstances the mandatory minimum of the statute of conviction becomes the Guidelines' sentence, *see* USSG § 5G1.1(b), the total of fifteen years imprisonment plus an additional three-year term of supervised release increases his total sentence beyond the mandatory minimum. However, the district court properly interpreted our mandate in *United States v. Talbott*, No. 92-6334, 1996 WL 453469 (4th Cir. Aug. 13, 1996) (unpublished) as simply limiting the maximum term of *imprisonment* to which Talbott could be sentenced to fifteen years. In light

of that mandate, and the Guidelines' requirement that the sentencing court "shall order a term of supervised release to follow imprisonment when a sentence of imprisonment of more than one year is imposed," USSG § 5D1.1(a), the district court's imposition of the required term of supervised release in addition to Talbott's fifteen-year sentence was appropriate under the Sentencing Guidelines. Because the district court may summarily dismiss any facially meritless claims under Rule 4 of the *Rules Governing Section 2255 Proceedings*, we find Talbott's contention that his sentence represents an improper upward departure was properly dismissed by the district court.

Finally, we reject Talbott's third remaining claim, that had his attorney objected to the myriad deficiencies enumerated in his twenty-four procedurally barred claims, he would not have been convicted. We reach this conclusion because Talbott cannot satisfy the prejudice requirement of a valid ineffective assistance of counsel claim. After trial, Talbott stood convicted of a total of eight counts: two counts predicated on his illegal possession of two pipebombs, *see* 26 U.S.C. § 5861(c) (1994), two counts predicated on the fact that those pipebombs were unregistered, *see* 26 U.S.C. § 5861(d) (1994), one count of making false statements in order to obtain a pistol, *see* 18 U.S.C.A. § 922(a)(6) (West 2000), and three counts of possession of the three firearms in question by a felon, *see* 18 U.S.C.A. § 922(g)(1) (West 2000). Because there was ample evidence to support these convictions, however, we find Talbott was not prejudiced by his attorney's purported failure to raise the aforementioned objections.

At trial, the Government presented sufficient evidence to indicate Talbott's pipebombs were intended as destructive devices, and thus constituted firearms as defined by Chapter 26 of the Internal Revenue Code. *See* 26 U.S.C. § 5845(f) (1994). Because the pipebombs were firearms within the meaning of Chapter 26, the additional evidence that Talbott failed to obtain authorization to make or possess them was sufficient to sustain his convictions under § 5861(c) and § 5861(d) as to each device.

With respect to Talbott's conviction for making false statements in acquiring a firearm, we find the trial testimony as to Talbott's prior felony conviction and his failure to note that conviction on the federal

form he completed in order to purchase the handgun satisfies the elements of § 922(a)(6). *See United States v. Rahman*, 83 F.3d 89, 92 (4th Cir. 1996). As a result, we find there was sufficient evidence to sustain that conviction.

Finally, there was sufficient evidence to sustain each of Talbott's three convictions under § 922(g)(1). The testimony as to Talbott's design of the pipebombs (which incorporated a principal component that had traveled in interstate commerce), in conjunction with evidence of his prior felony conviction, was sufficient to satisfy Talbott's convictions under § 922(g)(1) as to each pipebomb. *See* 18 U.S.C.A. § 921(a)(3),(4) (West 2000) (defining "firearm" as used in § 922(g)(1) to include a destructive device or its component parts); *United States v. Gallimore*, 247 F.3d 134, 136 (4th Cir. 2001) (defining elements of § 922(g)(1)); *United States v. Verna*, 113 F.3d 499, 503 (4th Cir. 1997) (finding the interstate nexus of § 922(g)(1) is satisfied where the component parts of a destructive device travel in interstate commerce). Likewise, Talbott's purchase of the pistol that formed the basis for his § 922(a)(6) conviction was also sufficient to sustain his conviction under § 922(g)(1) as to that firearm.

We have conducted a careful review of the transcript of Talbott's trial, and find that in light of the ample evidence against him as to each count of conviction, Talbott was not prejudiced by his attorney's purported failure to raise certain objections at trial. Moreover, our review of Talbott's particularized objections does not alter that calculus. Accordingly, we find the district court did not err in dismissing Talbott's ineffective assistance of counsel claim.

Accordingly, we deny a certificate of appealability and dismiss Talbott's appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the district court and argument would not aid the decisional process.

*DISMISSED*