UNITED STATES of America,
Plaintiff-Appellee,

v.

George Purdie WASHINGTON,
Defendant-Appellant.

No. 73–1043.

United States Court of Appeals,
Fifth Circuit.

Oct. 12, 1973.

Theodore J. Sakowitz, Miami, Fla. (court-appointed), not under CJA, J. V. Eskenazi, Federal Public Defender, Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Carol M. Anderson, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

George Purdie Washington was charged in a nine-count indictment with violating Title 18 U.S.C. § 922(a)(6), each count charging an identical violation on a different date between October 22, 1971, and April 6, 1972, by making in connection with the acquisition of one or more firearms from a licensed dealer, a false statement by signing a Form #4473, "Firearms Transaction Record," denoting that he had not been convicted in any court of a crime punishable by imprisonment for more than one year, when he had in fact been convicted of a felony on September 25, 1968. Twenty-three such forms admittedly signed by Washington during the time covered by the indictment were received in evidence, each representing a separate firearm purchase from the same dealer.

Despite his signature on the forms and testimony that the forms had been read to him and explained to him by the dealer, Washington defended at his non-jury trial on the claimed basis of his failure to understand the forms, and his inability to read and write more than his name and address. The court found him guilty under eight counts, one count being dismissed by the prosecution during the trial. Washington was sentenced to five years confinement on a single count, with probation to follow as to the convictions upon the additional seven counts.

Insufficiency of the evidence to sustain the court's guilty finding—specifically the charge that the admittedly false statements on the forms were made knowingly and with intent to deceive—is the sole issue raised on appeal. We reach the view that the circumstances presented by the evidence, viewed in the light most favorable to the government, were sufficient to support an inference beyond a reasonable doubt by the trier of fact, in this instance the court, that the statutory requirement was met; viz, that the false statements as to a prior

felony conviction were made knowingly and with intent to deceive the dealer with respect to the lawfulness of the sale. Cf. United States v. Garcia, 5 Cir. 1973, 479 F.2d 322.

Affirmed.