**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Hillward John FRUGÉ, Defendant-
Appellant.**

**No. 73-3973
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

June 7, 1974.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

George M. Leppert, New Orleans, La. (Court-appointed), for defendant-appellant.

Donald E. Walter, U. S. Atty., Shreveport, La., for plaintiff-appellee.

Before COLEMAN, DYER and RONEY, Circuit Judges.

PER CURIAM:

Frugé, convicted by jury of violating the Gun Control Act, 18 U.S.C.A. § 922(a)(6), contends on appeal that his counsel was inadequately prepared and lacked diligence and skill in his representation during trial. He further argues that the evidence was insufficient to sustain his conviction. We affirm.

At trial Frugé stipulated that he had purchased the weapon in question, had signed Form 4473 in which he stated that he had not been convicted of a crime punishable by imprisonment in excess of one year, but that he had, in fact, been previously convicted of a felony. Thus the only contested factual issue submitted to the jury was whether Frugé knowingly made the false written statement in the purchase of the firearm.

■ We can find no support in the record for Frugé's assertion that his counsel was ineffective. His two retained attorneys by stipulation removed from persuasion of the jury some of the Government's most convincing evidence and put the prosecution to the proof of the most difficult element of the offense, i. e., that Frugé knowingly made a false statement. Moreover, by such tactics Frugé effectively prevented the Government from showing the jury his prior felony conviction. We are of the firm view that an adequate defense was presented. It is not our function to fault trial counsel on the strategy employed. As we recently reiterated in Herring v. Estelle, 5 Cir. 1974, 491 F.2d 125, 127:

> [Effective counsel means] not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render *and rendering* reasonably effective assistance.

■ Nor are we persuaded that counsel's failure to move for a judgment of acquittal at the close of the Government's case bolsters Frugé's argument of ineffective assistance of counsel. On the record before us, what we said in United States v. Prince, 5 Cir. 1974, 491 F.2d 655, 659, is particularly apropos:

> A careful reading of the record reveals nothing to sustain the charge that trial counsel was incompetent or neglectful. . . . There was no motion for judgment of acquittal. The evidence here was sufficient, indeed ample, and to send the case to the jury, and no miscarriage of justice occurred.

■■ Frugé's second contention that there was insufficient evidence to sustain the conviction gives us little pause. Since there was no motion for a judgment of acquittal at the close of the Government's case, we will not review the sufficiency of the evidence except to determine whether there occurred a manifest miscarriage of justice. United States v. Hopkins, 5 Cir. 1972, 458 F.2d 1353, 1354; United States v. Baber, 145 U.S.App.D.C. 98, 447 F.2d 1267, 1270 n. 8, cert. denied, 1971, 404 U.S. 957, 92 S. Ct. 324, 30 L.Ed.2d 274; United States v. Wright, 5 Cir. 1970, 427 F.2d 1179, 1180. There is here not a trace of evidence pointing to a miscarriage of justice. On the contrary, the evidence points overwhelmingly to the guilt of Frugé. *See* United States v. Washington, 5 Cir. 1973, 485 F.2d 578.

Affirmed.