**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 97-4038

WILLIAM STOOTS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CR-96-234-CCB)

Submitted: October 31, 1997

Decided: November 20, 1997

Before MURNAGHAN, NIEMEYER, and HAMILTON,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Richard Moore, III, Bel Air, Maryland, for Appellant. Lynne A.
Battaglia, United States Attorney, Thomas M. DiBiagio, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

William Stoots was convicted by the magistrate judge of assault by striking within the maritime and territorial jurisdiction of the United States, in violation of 18 U.S.C.A. § 113(a)(4) (West Supp. 1997). He was sentenced to three years probation with sixty days at a residential community treatment center, and ordered to pay restitution. On appeal, the district court held the evidence sufficient to support the magistrate judge's conclusion that Stoots did not act in self-defense, and the sentence to be legal and reasonable. Stoots appeals.

Stoots argues that he did not use excessive force in reacting to the conduct of a coworker at the Aberdeen Proving Ground. He asserts the magistrate judge improperly failed to find that Stoots acted in self-defense.

We uphold the sufficiency of the evidence to support a conviction if, viewing the evidence and the inferences reasonably drawn there-from in the light most favorable to the Government, a reasonable trier of fact could have found guilt beyond a reasonable doubt. United States v. Rahman, 83 F.3d 89, 93 (4th Cir.), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3369 (U.S., Nov. 18, 1996) (No. 93-6343). Here, the magistrate judge found, even accepting Stoots's version of events, that the force Stoots used was much more than would have been nec-essary to defend himself in the situation. It is the role of the fact finder, rather than the appellate court, to resolve conflicting testi-mony, weigh the evidence, and judge the credibility of witnesses. United States v. Manbeck, 744 F.2d 360, 392 (4th Cir. 1984). There-fore, we conclude that Stoots's conviction is supported by sufficient evidence.

We affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately pres-ented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2