**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4251

TIMOTHY THOMAS MITCHEM,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellant,

v.                                                          No. 97-4370

TIMOTHY THOMAS MITCHEM,
Defendant-Appellee.

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, District Judge.
(CR-96-28-WMN)

Argued: January 26, 1998

Decided: February 19, 1998

Before RUSSELL, WIDENER, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Michael Patrick May, Baltimore, Maryland, for Appel-
lant. James G. Warwick, Assistant United States Attorney, Baltimore,

Maryland, for Appellee. **ON BRIEF:** Lynne A. Battaglia, United States Attorney, Andrea L. Smith, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Timothy Thomas Mitchem appeals his conviction for engaging in the business of dealing in firearms without a license, see 18 U.S.C.A. § 922(a)(1)(A) (West Supp. 1997), arguing that the district court improperly instructed the jury and that the evidence is insufficient to support his conviction. Finding no error, we affirm.

I.

While the evidence presented at trial was voluminous, the key facts may be summarized briefly. An investigation by the Bureau of Alcohol, Tobacco and Firearms (BATF) revealed that between December 7, 1992 and June 29, 1995 Mitchem purchased approximately 225 firearms from federally licensed firearms dealers and resold at least 175 of the weapons. Additionally, Mitchem made a substantial number of private, unrecorded purchases and sales of firearms. Further, on at least two occasions Mitchem obtained particular firearms in response to requests from interested purchasers. Although an agent of the BATF informed Mitchem in December 1992 that it might be in his best interest to obtain a federal firearms license, Mitchem did not do so.

II.

Mitchem raises two challenges to his conviction. First, he maintains that the district court erroneously instructed the jury regarding the elements of the offense of engaging in the business of dealing in firearms without a license. More specifically, Mitchem claims that the instruction given by the district court did not adequately inform the

2

jury that in order to conclude that Mitchem had "engaged in the business" of dealing in firearms, it had to find that he had purchased and sold firearms "with the principal objective of livelihood and profit." 18 U.S.C.A. § 921(a)(21)(C) (West Supp. 1997) (defining the term "engaged in the business"). After considering the jury charge as a whole, we determine that the instructions given by the district court, which included a verbatim recitation of the pertinent statutory language, accurately and fairly stated the controlling law. See United States v. Rahman, 83 F.3d 89, 92 (4th Cir.), cert. denied, 117 S. Ct. 494 (1996).

Mitchem also contends that the evidence is insufficient to support his conviction. Having carefully reviewed the record, we conclude that "there is substantial evidence, taking the view most favorable to the Government, to support" Mitchem's conviction. Glasser v. United States, 315 U.S. 60, 80 (1942).

III.

We conclude that the instructions given by the district court adequately informed the jury of the elements of the offense and that Mitchem's conviction is supported by the evidence presented at trial. Accordingly, we affirm.*

AFFIRMED

_____

*The Government cross appeals the sentence imposed by the district court, arguing that the court erred in departing downward from the applicable guideline range. Having reviewed the record and considered the arguments of the parties, we conclude that the district court did not abuse its discretion in departing. See Koon v. United States, 116 S. Ct. 2035, 2044-48 (1996); United States v. Barber, 119 F.3d 276, 279-83 (4th Cir.) (en banc), cert. denied, 118 S. Ct. 457 (1997).

3