**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4986

MARION LEWIS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-97-152)

Submitted: May 26, 1998

Decided: February 10, 1999

Before ERVIN, WILKINS, and NIEMEYER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John W. Luxton, MORCHOWER, LUXTON & WHALEY, Rich-
mond, Virginia, for Appellant. Helen F. Fahey, United States Attor-
ney, Cameron Heaps Macaulay, Special Assistant United States
Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Marion Lewis appeals from his conviction for possession of a firearm by a convicted felon in violation of 18 U.S.C.§ 922(g) (1994). Finding no error, we affirm.

Lewis' only contention on appeal is that his conviction is not supported by sufficient evidence. We must uphold a jury's verdict if there is substantial evidence, viewed in the light most favorable to the Government, to support the conviction. See Glasser v. United States, 315 U.S. 60, 80 (1942). To establish a § 922(g) violation, the Government must prove that: (1) the defendant was previously convicted of a felony; (2) the defendant voluntarily and intentionally possessed a firearm; and (3) the firearm traveled in interstate commerce. See United States v. Rahman, 83 F.3d 89, 93 (4th Cir.), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3369 (U.S. Nov. 18, 1996) (No. 96-6343). Lewis stipulated to the first and third element of this offense. Thus, only the second element is at issue in this appeal.

Relevant to this element, two private security officers testified that they were called to be on the lookout for a suspicious vehicle in the apartment complex they were protecting. They located the vehicle, driven by Lewis, charged him with trespassing, and instructed him not to return to the complex.

A few weeks later, these same officers again observed Lewis driving the same car through the apartment complex. The officers followed Lewis' car until he finally stopped. After Lewis stopped the car, but before the officers reached him, the officers saw Lewis reach into the back seat of the car three separate times. Lewis' passenger did not turn or reach into the back seat. When the officers reached the car, they arrested Lewis for trespassing. A search incident to this arrest revealed a semi-automatic pistol concealed in the rear passenger seat behind the armrest. The pistol had a live round in the chamber and was fitted with a magazine containing another nine rounds. A second magazine containing fifteen rounds was found hidden behind an ashtray.

2

Lewis' girlfriend, who was co-owner of the car Lewis was driving, testified that the gun was hers and that she concealed it in the car earlier that day in preparation to attend a firearms class. She testified that she hid the gun in the back seat because the glove compartment was broken. Although the pistol had a round in the chamber, she testified that she had never fired the gun.

Because Lewis did not have actual possession of the firearm, it was incumbent upon the Government to establish constructive possession. This requires evidence demonstrating ownership, dominion, or control over either the firearm or the premises or vehicle in which it was found. See United States v. Blue, 957 F.2d 106, 107 (4th Cir. 1992). Here, there was evidence demonstrating that Lewis co-owned the car, had a set of keys thereto, and drove it whenever he chose.

Construing this evidence in the light most favorable to the Government, we conclude that a reasonable jury could find that Lewis possessed the firearm beyond a reasonable doubt. Thus, Lewis' conviction is supported by sufficient evidence. That the jury chose not to credit his girlfriend's proffered explanation of the gun's presence is a credibility determination not reviewable on appeal. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). Accordingly, we affirm his conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

3