UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4467

FREDERICK MAURICE DURHAM, a/k/a
Fuquan,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Shelby.
Lacy H. Thornburg, District Judge.
(CR-94-44)

Submitted: February 26, 1999

Decided: May 6, 1999

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Paul Craig Pooley, Durham, North Carolina, for Appellant. Mark T.
Calloway, United States Attorney, Brian Lee Whisler, Assistant
United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant Frederick Maurice Durham appeals his convictions for conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846 (1994), and two counts of unlawful possession of a firearm in violation of 18 U.S.C.A. § 922(g)(1) (West Supp. 1998). On appeal, Durham challenges the district court's denial of his motion challenging the composition of the jury and the sufficiency of the evidence supporting the firearms counts. Finding no error, we affirm.

Durham first alleges that the district court erred by denying his motion challenging the composition of the jury venire. This court has considered and rejected the identical claim raised by Durham's co-defendant in United States v. Matata, No. 97-4281 (4th Cir. May 27, 1998) (unpublished). Durham and Matata joined in the motion to challenge the composition of the jury venire. Durham alleges that his argument varies from that of Matata's appeal; however it appears to the court that the arguments are nearly identical and raise the same legal issues. While Durham is not estopped from raising this issue, the court has considered the district court's decision on the issue and found it without error. We therefore find Durham's claim to be meritless.

Durham next challenges the sufficiency of the evidence supporting the firearms convictions. To prove a § 922(g)(1) violation, the government must prove three elements: (1) that the defendant was a convicted felon at the time of the offense; (2) that he voluntarily and intentionally possessed a firearm; and (3) that the firearm traveled in interstate commerce at some point in time. See 18 U.S.C.A. § 922(g)(1). Durham stipulated that he had a prior felony conviction and was a prohibited person under § 922(g)(1). He contests whether there was sufficient evidence to establish constructive possession of the firearm in counts twenty-eight and thirty-five. In count twenty-eight, Durham was charged with possession on or about August 20, 1993. The charge is a result of a traffic stop by a police officer of a car in which Durham was a passenger. The officer recovered firearms from under the driver's seat as well as a loaded nine millimeter hand-

2

gun from under Durham's passenger seat. Count thirty-five relates to the seizure of a Cobray nine millimeter handgun from under a cushion of a couch on November 12, 1993. Durham admitted that he owned the weapon. The officer obtained a certificate of ownership for the handgun registering Durham as the owner. The purchase date was November 8, 1993.

There was ample evidence at trial to demonstrate that Durham possessed a firearm on or about the dates charged in counts twenty-eight and thirty-five. At least three witnesses observed Durham possessing as well as firing the firearm shortly before the dates in question. Durham admitted ownership of the weapon seized in count thirty-five, which was corroborated by certificate of ownership. Evidence of ownership showing the defendant purchased the firearm is sufficient to demonstrate possession. See United States v. Rahman, 83 F.3d 89, 93 (4th Cir. 1996).

Durham next contends that his possession of the firearm must have had a direct impact on interstate commerce, greater than merely that the firearm originated in a state other than North Carolina. The firearm in question was manufactured and originally purchased in Georgia, but it was seized in North Carolina. We have held that the existence of the statute's jurisdictional element, requiring the Government to prove that the firearm was shipped or transported in interstate or foreign commerce, satisfies the minimal nexus required for the Commerce Clause. See United States v. Wells, 98 F.3d 808, 811 (4th Cir. 1996). We therefore hold that an adequate interstate nexus exists if the firearm was shipped or transported in interstate or foreign commerce, regardless of whether the defendant was involved in the shipping or transporting. Therefore we find that the evidence of constructive possession and of an interstate nexus was sufficient. See Glasser v. United States, 315 U.S. 60, 80 (1942).

We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3