UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
         *Plaintiff-Appellee,*

v.

THEODORE LAMONT FRAZIER,
         *Defendant-Appellant.*

No. 03-4453

Appeal from the United States District Court
for the District of South Carolina, at Beaufort.
Sol Blatt, Jr., Senior District Judge.
(CR-01-931)

Submitted: November 26, 2003

Decided: December 22, 2003

Before WILKINSON, MICHAEL, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Amanda Bethea Keaveny, Charleston, South Carolina, for Appellant. John Charles Duane, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Following a jury trial, Theodore Lamont Frazier was convicted on one count of knowingly making a false and fictitious written statement to a federally licensed firearms dealer in connection with the attempted purchase of a firearm, in violation of 18 U.S.C.A. §§ 922(a)(6) & 924(a)(1)(B) (West 2000 & Supp. 2003). The district court sentenced Frazier to forty-two months in prison. Frazier timely appealed. Frazier's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that, in her opinion, there are no meritorious issues for appeal, but asserting that the district court erred by denying Frazier's Fed. R. Crim. P. 29 motion for judgment of acquittal. The court advised Frazier of his right to file a pro se supplemental brief, but he has not done so. For the reasons that follow, we affirm Frazier's conviction and sentence.

Frazier contends that the district court erred by denying his motion for judgment of acquittal. Where, as here, the motion was based on insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." *Glasser v. United States*, 315 U.S. 60, 80 (1942). This court "ha[s] defined 'substantial evidence,' in the context of a criminal action, as that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" *United States v. Newsome*, 322 F.3d 328, 333 (4th Cir. 2003) (quoting *United States v. Burgos*, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc)).

To sustain Frazier's conviction under 18 U.S.C.A. § 922(a)(6) for making false statements in an effort to acquire firearms, the government had to show that: (1) Frazier attempted to acquire the firearm from a federally-licensed firearms dealer; (2) in doing so, he knowingly made a false or fictitious statement; and (3) the subject of his false statement was material to the lawfulness of the sale. *United States v. Rahman*, 83 F.3d 89, 92 (4th Cir. 1996).

Frazier asserts that the government failed to produce substantial evidence for a reasonable trier of fact to find the second element of

a § 922(a)(6) violation, namely that he knowingly made a false written statement in his attempt to buy a firearm. However, Frazier admitted through stipulations that he answered "no" to a question on the federal firearms purchase form, which asked, "Have you been convicted in any court for a crime for which the Judge could imprison you for more than one year, even if the Judge actually gave you a shorter sentence?" He also stipulated that he had been convicted of a crime punishable by a term of prison exceeding one year. Viewing the evidence in the light most favorable to the government, we find that a reasonable factfinder could find beyond a reasonable doubt that Frazier knowingly made the false and fictitious written statement in his attempt to buy a firearm.

As required by *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Frazier's conviction and sentence. The court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*