UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

AARON CURTIS LEWIS,
          *Defendant-Appellant.*

No. 03-4876

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
Frederick P. Stamp, Jr., District Judge.
(CR-03-17)

Submitted: May 26, 2004

Decided: July 6, 2004

Before WILKINSON, LUTTIG, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Brian J. Kornbrath, Federal Public Defender, Clarksburg, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Aaron C. Lewis appeals from his conviction and 275-month sentence for conspiracy to possess with intent to distribute 50 grams or more of crack cocaine and eleven substantive counts of distributing crack cocaine. 21 U.S.C. §§ 841(a), 846 (2000). We affirm.

At trial, numerous witnesses testified that they purchased crack cocaine from Lewis, including Joseph Lockett. According to Lockett, he began purchasing crack cocaine from Lewis when his (Lockett's) New York source "dried up" in late 2001. Lockett's testimony was the basis for Lewis' convictions on five of the substantive counts. The district court also included the sales to Lockett in determining Lewis' relevant conduct at sentencing.

Lewis first argues that Lockett's testimony was insufficient to support his convictions on counts two, five, seven, nine, and ten because his testimony was unsubstantiated, uncorroborated, and not credible. The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the government, to support it. *Glasser v. United States*, 315 U.S. 60, 80 (1942). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). The uncorroborated testimony of one witness or an accomplice may be sufficient to sustain a conviction. *United States v. Wilson*, 115 F.3d 1185, 1190 (4th Cir. 1997).

Lewis argues that Lockett's testimony was inherently incredible because his statements regarding the profit he made on re-sales of crack cocaine were "nonsensical and mathematically impossible." However, Lewis' counsel extensively cross-examined Lockett on this issue as well as on his inconsistent testimony before the grand jury. It was the jury's exclusive prerogative to credit or discredit his testimony; credibility determinations are not subject to review by this court. *United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989).

Next, Lewis asserts that the district court erred in relying on Lockett's testimony in determining his relevant conduct. In determining drug quantity, a district court must consider whether the government has established drug quantity by a preponderance of the evidence. *United States v. Cook*, 76 F.3d 596, 604 (4th Cir. 1996). Witness credibility is not generally subject to appellate review. *Saunders*, 886 F.2d at 60. The district court did not clearly err in its calculation of drug quantity. *United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999) (providing standard).

Finally, Lewis contends that the district court misinstructed the jury on the conspiracy count in that it (1) used the term "involved" in the conspiracy without providing the jury with any direction as to determine how the drugs were "involved," and (2) omitted the "reasonably foreseeable" language with regard to his liability under *Pinkerton v. United States*, 328 U.S. 640 (1946). However, as Lewis concedes, he did not object to the instruction. Therefore, these claims are reviewed for plain error only. Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 732-35 (1993). There was no error.

Our review of the instruction, viewed in the context of the entire charge, clearly conveyed to the jury that the word "involved" meant the drugs either distributed or possessed with intent to distribute by the conspirators. The charge accurately and fairly stated the law. *See United States v. Rahman*, 83 F.3d 89, 92 (4th Cir. 1996). Moreover, this court has specifically held that the "reasonably foreseeable" language with regard to a defendant's liability under *Pinkerton* is not required in the jury instructions so long as its instruction "is not qualitatively different from" the language approved by this court in *United States v. Chorman*, 910 F.2d 102 (4th Cir. 1990). *United States v. Aramony*, 88 F.3d 1369, 1381 (4th Cir. 1996) (upholding *Pinkerton* instruction that omitted "reasonably foreseeable" language). Here, the district court's instructions were not "qualitatively different" from the language approved by this court in *Chorman*; therefore, the court did not err in omitting the "reasonably foreseeable" language.

We therefore affirm Lewis' convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*