**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4986**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BILLY FRANK CHRISTIAN,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Abingdon. Glen M. Williams, Senior District Judge. (CR-04-27)

———————

Submitted: January 26, 2006          Decided: February 22, 2006

———————

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

———————

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

———————

Matthew W. Greene, SMITH & GREENE, P.L.L.C., Fairfax, Virginia, for Appellant. John L. Brownlee, United States Attorney, Jean B. Hudson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Following a jury trial, Billy Frank Christian was found guilty of violating 18 U.S.C. § 922(a)(6) by making false statements in connection with his acquisition of a firearm. Christian was sentenced to fifty-one months of incarceration followed by three years of supervised release. Christian now appeals his conviction and sentence. We affirm his conviction, but vacate his sentence and remand for resentencing.

I.

Christian first contends that the evidence was insufficient to convict him. "A defendant challenging the sufficiency of the evidence to support his conviction bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotations omitted). In deciding whether sufficient evidence supports a conviction, we consider whether, taking the evidence in the light most favorable to the Government, substantial evidence supports the verdict. Glasser v. United States, 315 U.S. 60, 80 (1942). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir 1996) (en banc). We review both direct and circumstantial evidence and permit "the Government the benefit of all reasonable inferences from the facts

2

proven to those sought to be established." <u>United States v. Tresvant</u>, 677 F.2d 1018, 1021 (4th Cir. 1982). Witness credibility is within the sole province of the jury, and we will not reassess the credibility of testimony. <u>United States v. Saunders</u>, 886 F.2d 56, 60 (4th Cir. 1989).

Section 922(a)(6) provides in pertinent part that it shall be unlawful:

> for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a . . . licensed dealer . . . knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such . . . dealer . . . with respect to any fact material to the lawfulness of the sale.

18 U.S.C. § 922(a)(6). Christian argues that the Government failed to provide any evidence that deceptive conduct occurred. Specifically, Christian contends that because the store clerk possessed no discretionary authority over the course of the firearms transaction, "there existed no evidence to demonstrate that the deception of the store clerk had any impact, bearing or relevance on the elements of the offence charged." We disagree.

We have stated that "[e]vidence that a defendant made a knowing misrepresentation of a fact material to the legality of the sale is sufficient to permit a reasonable jury to conclude that the defendant possessed the intent to deceive the dealer or, alternatively, that his statement was likely to deceive such dealer." <u>United States v. Rahman</u>, 83 F.3d 89, 93 n.* (4th Cir.

3

1996).  After a through review of the record, we find that the Government presented such evidence.  Testimony established that upon receiving both state and federal firearms forms, Christian asked the store clerk if "they had to be filled out truthfully," and the clerk responded in the affirmative.  Christian indicated on the forms that he had not been convicted of a felony and that he was not subject to court order for harassing, stalking, or threatening a child or partner.  The Government presented evidence at trial that prior to completing those forms Christian had pleaded guilty to a felony count of second degree burglary and that he was the subject of a domestic violence protective order from the state of Florida.  We conclude that in the light most favorable to the Government, this evidence is sufficient to meet the deceptive conduct requirement of § 922(a)(6).

II.

Christian next argues that he is entitled to resentencing based on the mandatory application of federal sentencing guidelines.  See United States v. Booker, 125 S. Ct. 728, 764-65 (2005).  Because the record reflects that Christian did not preserve this claim below, we review it for plain error.  See United States v. Olano, 507 U.S. 725, 732 (1993); United States v. White, 405 F.3d 208, 215 (4th Cir. 2005).  Although the Government concedes that the district court committed an error that was plain,

4

it argues that Christian cannot demonstrate actual prejudice as a result of having been sentenced under a mandatory scheme. <u>See</u> <u>White</u>, 405 F.3d at 223-24. Christian contends that he can demonstrate prejudice because it is apparent from a statement made by the district court that it would have acted differently under an advisory scheme. Specifically, Christian notes that the district court stated, "This is a sentence at the low end of the guidelines, and the least that I can give in accordance with the law." This statement could provide a "nonspeculative basis for concluding that the treatment of the guidelines as mandatory affected the district court's selection of the sentence imposed." <u>Id.</u> at 223 (internal quotations omitted). Thus, we vacate Christian's sentence and remand the case for resentencing consistent with <u>Booker</u>.[*]

## III.

Accordingly, we affirm Christian's conviction, but vacate and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART; VACATED AND REMANDED IN PART</u>

---

[*]Just as we noted in <u>United States v. Hughes</u>, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "we of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Christian's sentencing.