**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4493**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GERTRUDE ARMSTRONG GOLDEN,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Raymond A. Jackson, District Judge.  (4:05-cr-00067-RAJ)

---

Submitted:  October 31, 2007          Decided:  November 27, 2007

---

Before GREGORY and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Michael S. Nachmanoff, Acting Federal Public Defender, Larry M. Dash, Assistant Federal Public Defender, Frances H. Pratt, Research and Writing Attorney, Norfolk, Virginia, for Appellant.  Chuck Rosenberg, United States Attorney, Michael R. Gill, Assistant United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Gertrude Armstrong Golden of five counts of wire fraud, in violation of 18 U.S.C. § 1343 (2000) (Counts One through Five), one count of money laundering, in violation of 18 U.S.C. § 1957 (2000) (Count Six), and one count of making false statements during bankruptcy proceedings, in violation of 18 U.S.C. § 152 (2000) (Count Seven). She was sentenced to 42 months' imprisonment on each count to be served concurrently. Golden appealed her convictions and sentences. Finding no reversible error, we affirm.

Golden's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), concluding there are no meritorious claims, but questioning whether: (1) the district court erred by refusing to give Golden's requested good faith jury instruction; (2) there was sufficient evidence to support the money laundering conviction (Count Six) because the Government failed to prove the interstate commerce element of the offense; (3) the district court erred in enhancing Golden's sentence for obstruction of justice based on perjury; and (4) Golden's sentence violated her Fifth and Sixth Amendment rights in light of United States v. Booker, 543 U.S. 220 (2005). The Government was directed to file a responding brief, and has done so. Golden was advised of her right to file a pro se supplemental brief, but has not done so.

I.    Good Faith Jury Instruction

Counsel argues the district court erred in refusing to give Golden's requested good faith jury instruction.  This court considers de novo whether a district court has properly instructed a jury on the statutory elements of an offense, see United States v. Rahman, 83 F.3d 89, 92 (4th Cir. 1996), but reviews for abuse of discretion the district court's decision of whether to give a jury instruction and the content of the instruction.  See United States v. Abbas, 74 F.3d 506, 513 (4th Cir. 1996).  A court's refusal to give a requested instruction is reversible error if the instruction "(1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense."  United States v. Lewis, 53 F.3d 29, 32 (4th Cir. 1995).

We conclude the district court provided an adequate specific intent instruction to the jury, and thus was not required to give an additional instruction on good faith.  See United States v. Fowler, 932 F.2d 306, 317 (4th Cir. 1991)(holding good faith jury instruction is not necessary when the court has given an adequate specific intent instruction).  Thus, this claim is without merit.

II. <u>Sufficiency of Evidence</u>

Golden argues the district court erred in denying her motion for judgment of acquittal because there is insufficient evidence to convict her of money laundering when the Government failed to establish the interstate commerce element of the offense. If a motion for judgment of acquittal is based on insufficiency of the evidence, the verdict must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it. <u>Glasser v. United States</u>, 315 U.S. 60, 80 (1942). Substantial evidence is defined as "that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" <u>United States v. Newsome</u>, 322 F.3d 328, 333 (4th Cir. 2003) (quoting <u>United States v. Burgos</u>, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc)). The court reviews both direct and circumstantial evidence and permits "the [G]overnment the benefit of all reasonable inferences from the facts proven to those sought to be established." <u>United States v. Tresvant</u>, 677 F.2d 1018, 1021 (4th Cir. 1982). Witness credibility is within the sole province of the jury, and we will not reassess the factfinder's credibility determination. <u>United States v. Saunders</u>, 886 F.2d 56, 60 (4th Cir. 1989); <u>see also</u> <u>United States v. Sun</u>, 278 F.3d 302, 313 (4th Cir. 2002).

The Government concedes that the jury instruction given on the issue of proof required to establish the interstate commerce element was "not a correct statement of the law and overstated the burden of proof." The Government had requested the court give a jury instruction that the interstate commerce requirement could be satisfied based on proof that Golden withdrew funds from an FDIC insured financial institution. However, the district court denied the request and instead instructed:

> The phrase in or affecting commerce includes commerce between any place in a state and any place outside of that state. The government may meet its burden of proof on the question of being in or affecting commerce by proving to you beyond a reasonable doubt that the property or money involved at any time had traveled or crossed a state boundary line.

> Interstate commerce means commerce or travel between one state or territory or possession of the United States and another state or territory or possession of the United States, including the District of Columbia. Court [sic] recalls the parties saying there was no big dispute about this issue of interstate commerce.

An error in jury instructions will mandate reversal of a judgment only if the error was prejudicial, based on a review of the record as a whole. Wellington v. Daniels, 717 F.2d 932, 938 (4th Cir. 1983). We find Golden was not prejudiced by the district court's overbroad instruction, which imposed a higher evidentiary burden on the Government than should have been required.

The evidence at trial established that victims deposited funds in the amount of $37,500, into the Maude Ellen Coates Armstrong Foundation's ("MECA") SunTrust account in McLean, Virginia. Two

- 5 -

days later, Golden deposited into her personal account at Bank of America in Virginia Beach, Virginia, a check payable to herself she had written from MECA's SunTrust account. Because the interstate commerce element is satisfied by evidence establishing Golden withdrew the money from an FDIC insured bank, and the parties stipulated both SunTrust and Bank of America were FDIC insured, there was sufficient evidence to support a conclusion that the funds had traveled in interstate commerce. See United States v. Peay, 972 F.2d 71, 74 (4th Cir. 1992) (holding deposit of unlawful proceeds in an FDIC insured institution was sufficient to establish interstate commerce nexus required to support a money laundering conviction). Therefore, there was sufficient evidence to support Golden's conviction for money laundering.

III. Obstruction of Justice Enhancement for Perjury

Counsel contends the district court erred by finding Golden committed perjury during her testimony and enhancing her sentence for obstruction of justice pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 3C1.1 (2005). The district court's factual findings supporting the § 3C1.1 obstruction of justice enhancement are reviewed for clear error. United States v. Kiulin, 360 F.3d 456, 460 (4th Cir. 2004). Under USSG § 3C1.1, the sentencing court must impose a two-level enhancement if the defendant does willfully or attempts to willfully obstruct or

impede the administration of justice during the investigation, prosecution, or sentencing of the offense of conviction, relating to the offense of conviction and any relevant conduct or a closely related offense. The enhancement is applied when it is shown a defendant committed perjury. USSG § 3C1.1, comment. n.4(b); see also United States v. Dunnigan, 507 U.S. 87, 94 (1993).

To establish Golden committed perjury during her testimony, the Government has the burden of persuading the court by a preponderance of the evidence that Golden gave false testimony under oath "concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." See Dunnigan, 507 U.S. at 94; United States v. Smith, 62 F.3d 641, 646-47 (4th Cir. 1995). The sentence enhancement based on perjury does not apply merely because Golden was convicted. See Dunnigan, 507 U.S. at 95. A defendant may testify truthfully, but "the jury may nonetheless find the testimony insufficient to excuse criminal liability or prove lack of intent." Id. The district court should "address each element of the alleged perjury in a separate and clear finding." Id.

After a thorough review of the record, we find there was substantial evidence Golden gave false testimony at trial on material matters that was not the result of any confusion, mistake or faulty memory but instead was a willful attempt to avoid responsibility for her conduct. Thus, the district court did not

clearly err in finding Golden committed perjury or in applying the enhancement for obstruction of justice.

### IV. Obstruction of Justice Enhancement Violates *Booker*

Golden also argues the obstruction of justice enhancement is erroneous in light of <u>Booker</u> because the facts supporting it were not found by a jury beyond a reasonable doubt.  We find the enhancement for obstruction of justice did not run afoul of <u>Booker</u> because, in sentencing defendants after <u>Booker</u>, the district court should continue to apply a preponderance of the evidence standard, taking into account that the resulting guidelines range is advisory only.  <u>See</u> <u>United States v. Morris</u>, 429 F.3d 65, 72 (4th Cir. 2005).  The district court fully complied with these requirements.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm Golden's convictions and sentences. This court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED