**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-4023**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

ANTHONY EDWIN DORSEY, SR.,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore. Marvin J. Garbis, Senior District Judge. (1:08-cr-00174-MJG-1)

———————

Submitted: April 29, 2010        Decided: May 20, 2010

———————

Before GREGORY, SHEDD, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Anthony Edwin Dorsey, Sr., Appellant Pro Se. Jefferson McClure Gray, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a nine-day jury trial, Anthony E. Dorsey was convicted by a jury on five counts of tax evasion, 26 U.S.C. § 7201 (2006), and seven counts of willful failure to file tax returns, 26 U.S.C. § 7203 (2006). He was sentenced to thirty-seven months' imprisonment. On direct appeal, Dorsey has chosen to proceed pro se. Dorsey challenges the district court's jury instructions and the sufficiency of the evidence to sustain his convictions. Finding no reversible error, we affirm.

We review de novo the legal question of whether a district court has properly instructed a jury on the statutory elements of the offense. United States v. Rahman, 83 F.3d 89, 92 (4th Cir. 1996). In order to establish a violation of 26 U.S.C. § 7201, the Government must prove the defendant acted willfully and committed an affirmative act that constituted an attempted evasion of tax payments and, as a result, a substantial tax deficiency existed. United States v. Wilson, 118 F.3d 228, 236 (4th Cir. 2007). To sustain a conviction for willful failure to file a tax return, the Government must show that the defendant had a legal duty to file, that he failed to file, and that the failure was willful. 26 U.S.C. § 7203; United States v. Foster, 789 F.2d 457, 460 (7th Cir. 1986).

"A defendant challenging the sufficiency of the evidence" faces a "heavy burden." United States v. Beidler, 110

2

F.3d 1064, 1067 (4th Cir. 1997). "[A]n appellate court's reversal of a conviction on grounds of insufficient evidence should be 'confined to cases where the prosecution's failure is clear.'" United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984) (quoting Burks v. United States, 437 U.S. 1, 17 (1978)). A verdict must be upheld on appeal if there is substantial evidence in the record to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, this court views the evidence in the light most favorable to the Government, and inquires whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to establish a defendant's guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996).

We have reviewed the transcripts of the proceedings below in light of Dorsey's arguments on appeal and conclude the district court appropriately instructed the jury regarding the elements of the charged offenses and that sufficient evidence supports the jury's verdict. We further reject Dorsey's contention that he is not among the class of individuals required to file and pay taxes. See United States v. Studley, 783 F.2d 934, 937 (9th Cir. 1986) ("An individual is a 'person' under the Internal Revenue Code . . . ."); Lovell v. United States, 755 F.2d 517, 519 (7th Cir. 1984) ("All individuals,

3

natural or unnatural, must pay federal income tax on their wages . . . .").

Accordingly, we affirm Dorsey's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4