**ON REHEARING**
**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4532**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GEORGE KEITH MARTIN,

Defendant - Appellant.

---

**No. 06-4603**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

versus

GEORGE KEITH MARTIN,

Defendant - Appellee.

---

Appeals from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, Chief District Judge. (1:05-cr-00021-IMK)

---

Argued: October 31, 2007                    Decided: May 16, 2008

Before TRAXLER and GREGORY, Circuit Judges, and Jerome B. FRIEDMAN, United States District Judge for the Eastern District of Virginia, sitting by designation.

Affirmed in part, vacated in part, and remanded by unpublished per curium opinion.

**ARGUED:** James Bryan Zimarowski, Morgantown, West Virginia, for George Keith Martin. Zelda Elizabeth Wesley, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for the United States. **ON BRIEF:** Sharon L. Potter, United States Attorney, Wheeling, West Virginia, for the United States. **ON BRIEF ON REHEARING:** Matthew A. Victor, VICTOR VICTOR & HELGOE, LLP, Charleston, West Virginia, for George Keith Martin.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Keith Martin, the defendant, appeals his convictions by a jury for conspiracy to possess with intent to distribute and to distribute in excess of fifty grams of cocaine base, also known as "crack" cocaine, in violation of 21 U.S.C. § 846 (Count 1), aiding and abetting the distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 (Count 2), distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 4), and use of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(I) (Count 5). In his appeal, Martin claims there was insufficient evidence to support his conviction, the district court erred in not including his proposed jury instruction on weaker and less satisfactory evidence in its charge to the jury, and the district court erred in allowing the government to improperly bolster their case through the testimony of Sergeant Purkey and admission of the videotape. We vacate Martin's § 924(c) conviction but affirm his other convictions.

The government cross-appeals Martin's sentence, claiming the district court erred in holding that the court was unable, pursuant to United States v. Milam, 443 F.3d 382 (4th Cir. 2006), and United States v. Revels, 455 F.3d 448 (4th Cir. 2006), to make any additional factual findings that had not been determined by the jury nor admitted by the defendant. Because we vacate Martin's §

3

924 conviction, we also vacate his sentence and remand to the district court for resentencing. We nevertheless address the sentencing issue cross-appealed by the government in order to provide guidance to the district court on remand.

## I.

Martin argues the lack of physical or forensic evidence presented by the government and the questionable character of some of the government's witnesses warrant a finding that there was insufficient evidence to support the jury's verdict.

In determining whether the government presented sufficient evidence at trial, the reviewing court examines the evidence in the light most favorable to the government to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). The reviewing court must be aware that "'[t]he jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented, and if the evidence supports different, reasonable interpretations, the jury decides which interpretation to believe.'" United States v. Hagbegger, 370 F.3d 441, 444 (4th Cir. 2004)(quoting United States v. Murphy, 35 F.3d 143, 148 (4th Cir. 1994)). This court has repeatedly held that the uncorroborated testimony of a single

4

witness at trial may be sufficient to support the jury's verdict. See, e.g., United States v. Wilson, 115 F.3d 1185, 1190 & n.9 (4th Cir. 1997).

We find that, in viewing the evidence in the light most favorable to the government, there was sufficient evidence to support the jury's verdict on Counts 1, 2, and 4. See United States v. Randall, 171 F.3d 195, 209 (4th Cir. 1999) (providing elements of 21 U.S.C. § 841(a)); United States v. Wilson, 135 F.3d 291, 306 (4th Cir 1998)(providing elements of conspiracy with intent to distribute and to distribute crack cocaine).

The same may not be said of Martin's § 924(c) conviction (Count 5). Martin contends that the conduct underlying that conviction was his trading a quantity of cocaine base for a firearm, and that Watson v. United States, 128 S. Ct. 579 (2007), decided after sentence was imposed here, establishes that such conduct does not constitute a § 924(c) violation. Because this argument is raised for the first time on appeal, we review for plain error only. See Fed. R. Crim P. 52(b); United States v. Olano, 507 U.S. 725, 732-35 (1993). In order to prevail under Olano, Martin must demonstrate that an error occurred, that the error was plain, and that it affected his substantial rights. See Olano, 507 U.S. at 732. Even if he makes that showing, we would not exercise our discretion to notice the error unless the error "seriously affected the fairness, integrity, or public reputation

of judicial proceedings." United States v. Higgs, 353 F.3d 281, 324 (4th Cir. 2003). Here, the government correctly concedes that Martin has made the necessary showing and that we should exercise our discretion to notice the error. We therefore vacate Martin's § 924(c) conviction.

## II.

Martin argues the district court erred in not including his proposed jury instruction on weaker and less satisfactory evidence in its charge to the jury. Martin argues this jury instruction was necessary based upon the lack of physical and forensic evidence linking him to the drug distributions and the inability of the district court to define reasonable doubt. We disagree.

This court considers de novo whether a district court has properly instructed a jury on the statutory elements of an offense, see United States v. Rahman, 83 F.3d 89, 92 (4th Cir. 1996), but reviews for abuse of discretion the district court's decision of whether to give a jury instruction and the content of the instruction. See United States v. Abbas, 74 F.3d 506, 513 (4th Cir. 1996). The court's denial of a proposed jury instruction constitutes reversible error only if the proposed jury instruction "(1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously

6

impaired the defendant's ability to conduct his defense." <u>United States v. Lewis</u>, 53 F.3d 29, 32 (4th Cir. 1995).

We find that the district court did not err in refusing to include Martin's proposed jury instruction because it is not a correct statement of law. We have consistently held that the district court, when instructing the jury, "need not, and in fact should not, define the term 'reasonable doubt' even upon request." <u>United States v. Williams</u>, 152 F.3d 294, 298 (4th Cir. 1998). The district court properly instructed the jury on reasonable doubt and their duty to interpret the evidence presented at trial and determine its weight. Additionally, Martin had the opportunity to argue the lack of physical or forensic evidence to the jury in his closing statement, and therefore, the failure to give this instruction did not impair his defense.

## III.

Martin argues the district court erred in allowing the government to improperly bolster the testimony of their other witnesses through Sergeant Purkey's testimony and the admission of the video detailing a controlled buy. We disagree.

This court reviews whether the district court's decision to admit evidence was an abuse of discretion. <u>See</u> <u>United States v. Clark</u>, 986 F.2d 65, 68 (4th Cir. 1993). The admission of evidence "will not be turned over on appeal unless the court's decision is

shown to be arbitrary or irrational." United States v. Bailey, 990 F.2d 119, 122 (4th Cir. 1993).

Martin's objection to the videotape, as only depicting a portion of the controlled buy in which he is absent, goes to its weight, not its admissibility. The videotape corroborated the testimony of other witnesses, and we find its admission was not arbitrary or irrational. Sgt. Purkey's testimony on the types of drugs, the typical drug weights found in Harrison County, and the drug weights associated with the other witnesses' testimony likely aided the jury in ascertaining the truth. Additionally, the district court properly provided limiting instructions and gave the defendant the opportunity to voir dire Sgt. Purkey and conduct extensive cross examination of his testimony. We find, therefore, the district court did not commit reversible error in admitting Sgt. Purkey's testimony.

IV.

The government appeals Martin's sentence, arguing the district court improperly concluded, based upon United States v. Milam, 443 F.3d 382 (4th Cir. 2006), and United States v. Revels, 455 F.3d 448 (4th Cir. 2006), that it could not enhance the defendant's sentence based upon facts not found by the jury nor admitted by the defendant. We agree.

Martin faced a maximum possible sentence of life imprisonment for Count 1, conspiracy to possess with intent to distribute and to distribute in excess of 50 grams of cocaine base. See 21 U.S.C. §§ 846 and 841(b)(1)(A). The jury, in its verdict, found no specific relevant drug weight beyond the fifty grams or more of cocaine base in Count 1. The presentence report attributed 11.23 kilograms of cocaine base to the defendant and added sentencing enhancements for his managerial role in the offense, pursuant to United States Sentencing Guidelines § 3B1.1, and obstruction of justice, pursuant to United States Sentencing Guidelines § 3C1.1. The presentence report determined Martin's total offense level to be 43 and his criminal history category to be IV, resulting in a guideline range of life imprisonment with an additional five years, to run consecutively, for Count 5. The district court concluded, based upon Milam and Revels, that it could only rely upon the factual findings made by the jury.[*] The court, therefore, attributed only 50 grams of crack cocaine to the defendant and did not include the additional sentencing enhancements, resulting in a new offense level of 32. The district court sentenced Martin to 210 months for Counts 1, 2, and 4 and 60 months for Count 5, to be served consecutively to the other Counts.

---

[*]We note that the district court acknowledged during Martin's sentencing that it may have misinterpreted the law and, but for its misunderstanding, the court would have adopted the findings in the Presentence Report and would have found a life sentence reasonable and justified.

9

The federal sentencing guidelines are now advisory following United States v. Booker, 543 U.S. 220 (2005). When calculating the guideline range sentencing courts may make factual determinations regarding sentencing enhancements by a preponderance of the evidence. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005) ("'Booker does not in the end move any decision from judge to jury, or change the burden of persuasion.'") (citation omitted). Both Milam and Revels involved pre-Booker dispositions and neither of these decisions, as noted in Revels, affect the post-Booker sentencing court's calculation of a defendant's advisory guideline range. Revels, 455 F.3d at 451 n.2. The district court, therefore, erred in concluding that it was unable to make additional factual findings on sentencing enhancements for the amount of drugs, the defendant's role in the offense, and whether the defendant obstructed justice.

Martin argues the district court's misinterpretation of Milam and Revels should not result in a new sentence because his sentence is still reasonable. The reviewing court examines a post-Booker sentence for unreasonableness. Booker, 543 U.S. at 264. A sentence may be unreasonable for both substantive and procedural reasons. United States v. Moreland, 437 F.3d 424, 434 (4th Cir. 2006) (stating that a substantially unreasonably sentence occurs when "the court relies on an improper factor or rejects policies articulated by Congress or the Sentencing Commission" and a

10

procedurally unreasonable sentence occurs when the district court "provides an inadequate statement of reasons or fails to make a necessary factual finding"). The district court's misinterpretation of the law warrants a finding that Martin's sentence was unreasonable.

Accordingly, we vacate Martin's § 924(c) conviction, affirm his other convictions, vacate his sentence, and remand for resentencing.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>

11