**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4085**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

      v.

GEORGE MARTIN,

                Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.   Irene M. Keeley, District Judge.  (1:05-cr-00021-IMK-JSK-1)

Submitted:  October 27, 2011      Decided:  November 29, 2011

Before TRAXLER, Chief Judge, and GREGORY and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Scott C. Brown, SCOTT C. BROWN LAW OFFICE, Wheeling, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Zelda E. Wesley, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Martin appeals the 270-month sentence imposed on remand for resentencing following his jury conviction of one count of conspiracy to possess with intent to distribute and to distribute in excess of fifty grams of cocaine base, in violation of 21 U.S.C. § 846 (2006); and two counts of distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). See United States v. Martin, 278 F. App'x 248 (4th Cir. 2008). On appeal, Martin argues that the district court erred in sentencing him based on a drug amount greater than that found by the jury and in applying a three-level enhancement for his role in the offense. We affirm.

We review a district court's application of the Guidelines during sentencing de novo and its factual findings for clear error. United States v. Mehta, 594 F.3d 277, 281 (4th Cir.), cert. denied, 131 S. Ct. 279 (2010). A district court must make relevant factual findings at sentencing based on its view of the preponderance of the evidence. United States v. Young, 609 F.3d 348, 357 (4th Cir. 2010).

We first hold that the district court did not clearly err in determining that Martin was responsible for 11.23 kilograms of cocaine base. Although the jury attributed to Martin fifty grams or more of cocaine base, "[t]he district court was free to consider, as it would with any . . . acquitted

2

conduct, whether the government could establish a higher quantity under a preponderance of the evidence standard." Id. Martin argues that the district court erred in crediting the recollections of known drug users and the expert witness that calculated a drug weight based on their testimonies. However, we give great deference to a district court's credibility determinations, see United States v. Layton, 564 F.3d 330, 334 (4th Cir. 2009), and do not fault the district court's explicit credibility findings where the witnesses gave detailed descriptions on which the duly qualified expert based his conservative estimates.

We likewise hold that the district court did not clearly err in applying a three-level leadership enhancement. Pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 3B1.1(b) (2010), a defendant qualifies for a three-level enhancement if he was "a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." USSG § 3B1.1(b). In determining a defendant's leadership role, a court should consider seven factors:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

3

USSG § 3B1.1, cmt. n.4; see also United States v. Sayles, 296 F.3d 219, 224 (4th Cir. 2002).

Martin does not dispute that he was active in a conspiracy involving five or more participants; he merely argues that the evidence did not show that he acted as a manager or supervisor. To the contrary, the district court heard testimony that Martin exercised control over a middleman, a lookout, and several runners to whom he "fronted" cocaine base. Accordingly, we conclude that the district court did not clearly err in finding by a preponderance of the evidence that Martin was a manager or supervisor of the conspiracy.

We therefore affirm Martin's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED